UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANGELA SMITH,

    Plaintiff,

v.                                                      Case No:   6:19-cv-966-Orl-37TBS

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

Plaintiff alleges that Defendant breached an insurance contract by failing to provide coverage for losses Plaintiff suffered when a plumbing system failed (Doc. 1-1). Plaintiff's complaint prays for "judgment against Defendant for all losses with interest on any overdue payments, any incidental and foreseeable consequential damages caused by Defendant's breach of contract, plus attorney's fees and costs …." (Id., at 2-3).

Pending before the Court is Defendant's motion to strike Plaintiff's prayer for "any incidental, and foreseeable consequential damages" on the ground that this is overbroad (Doc. 22). Defendant argues that in a breach of contract case "the damages recoverable are limited to those which are the natural and proximate result of the breach, or such as may reasonably be supposed to have been within the contemplation of the parties at the time they made the contract." Burnett v. Brito, 478 So. 2d 845, 848 (Fla. 3d DCA 1985).

According to defense counsel's Local Rule 3.01(g) certificate, Plaintiff opposes the motion (Id., at 3). However, Plaintiff has not filed a response to the motion within the time permitted by the Local Rules. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015

WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014) (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333803, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

The Court finds that Plaintiff does not oppose the motion and accordingly, it is **GRANTED**. The words "any incidental, and foreseeable consequential damages" are **STRICKEN** from Plaintiff's complaint.

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record